### G. E. Colson v. John Linn.

1. BILL OF EXCEPTIONS—*Must State that It Contains All the Evidence Heard on the Trial in the Court Below.*—A bill of exceptions which fails to set out the findings and judgment of the court on a trial without a jury, and to show they were properly excepted to, or to state that it contains all the evidence heard on the trial of the case, is insufficient.

Appeal from the County Court of Clark County; the Hon. J. C. PURDUE, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902. Rehearing denied May 27, 1902.

ANDREWS & VAUSE, attorneys for appellant.

GOLDEN, SCHOLFIELD & BOOTH, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

The sheriff of Clark county received from the City Court of the City of Mattoon, an execution in favor of appellant, G. E. Golson, and against one James Hacker, and to satisfy same, levied upon certain broom corn as the property of said Hacker.

Appellee, John Linn, claiming to own the broom corn, gave the sheriff notice thereof and demanded a trial of the right of property under the statute; and in pursuance of such demand and notice a trial was had in the ' County Court of Clark County without a jury, by consent of par-

ties, resulting in a finding and judgment in favor of appellee. Appellant brings the case to this court by appeal and insists that the trial court improperly ruled on the evidence and improperly refused certain propositions of law submitted by him.

Appellant did not move the trial court for a new trial or except to its finding or judgment nor does the bill of exceptions state that it contains all the evidence.

We have read all the evidence and rulings of the court in admitting and rejecting same that are preserved in the bill of exceptions, and find the court committed no reversible error in such rulings, when all of them are considered; and that while the evidence is conflicting, yet there is ample to support the finding and judgment.

The propositions of law which were submitted by appellant and refused by the court, were properly refused for the reason that those submitted and held by the court contained all that was proper in those refused. Finding no reversible error in this record, the judgment of the County Court will be affirmed.